**NOT FOR PUBLICATION WITHOUT APPROVAL OF
THE TAX COURT COMMITTEE ON OPINIONS**

**TAX COURT OF NEW JERSEY**



MALA SUNDAR
JUDGE

Richard J. Hughes Justice Complex
P.O. Box 975
Trenton, New Jersey 08625-0975
609 815-2922, Ext. 54630 Fax 609
376-3018

March 31, 2020

Leena Aggarwal, Plaintiff
Self-Represented

Gene Anthony, Esq.
Attorney for Defendant

> Re:  Leena Aggarwal v. Township of Eatontown
> Docket No. 008745- 2019

Dear Plaintiff and Counsel:

This is the court's decision following trial of the above-captioned matter.  Plaintiff owns a residence, located at Block 3001, Lot 38 ("Subject"), in defendant taxing district ("Township").  She appealed the judgment of the Monmouth County Board of Taxation ("County Board"), which had affirmed the 2019 assessment of $456,700 (allocated $223,300 to land; $233,400 to improvements) imposed on the Subject.

The Subject is a lot measuring 100 x 200 square feet (SF).  It is off a local road, Wall Street, and in a cul-de-sac.  It is improved by a two-story, colonial style, single-family home which was built in 1994 and has 2,432 SF of gross living area (GLA) with four bedrooms and 2½ baths.  The basement is finished but with no bathroom or kitchen.  There is an open porch, a deck, and an attached two-car garage.  Across from the Subject is 80 Acres Park, the largest park in the Township, and to the rear a 100-year old cemetery.  Per Plaintiff, the house has had no major






updates or additions/improvements in the last five years.[1]  The Subject is in Zone R-20.  Plaintiff did not provide any photographs of the Subject at trial.

Mr. Aggarwal relied on four sales of single-family houses in the Township as evidence of the Subject's value.  He obtained information about the sales as well as the physical characteristics of the properties from the information posted on the County Board's website, njactb.org.  He drove by these houses for an exterior inspection and used web-based photographs provided by Zillow, Trulia and Redfin for the views of the interiors.  The sales are as follows:

| | Address | Lot | GLA | Sale Date | Price | Age | Features |
|---|---|---|---|---|---|---|---|
| 1 | 154 Broad St | 167x428 | 3,034 | 12/21/18 | $399,000 | 1950 | 2-story colonial; 5 beds; 3.1 baths; finished basement; large backyard. |
| 2 | 42 Victor Place | 102x142 | 2,585 | 12/13/18 | $395,000 | 1996 | 2-story colonial; 4 beds; 2.1 baths; basement; large backyard; 2car attached garage |
| 3 | 10 Emma Place | 100x200 | 1,932 | 06/25/18 | $400,000 | 1972 | 2-story colonial; 3 beds; 2.1 baths; 2-car attached garage; basement; large backyard; good neighborhood as the Subject |
| 4 | 204B Shark River Rd | n/a | 2,924 | 01/29/18 | $407,000 | 1970 | 2-story colonial; 5 beds; 3.1 baths; 2-car garage; basement |

Mr. Aggarwal argued that based on these sales and the fact that the Subject is located off a busy roadway (Wall Street) and close to a cemetery, the Subject would fetch $400,000 if it were up for sale as of the assessment date.  Therefore, the assessment of $456,700 is excessive.

**ANALYSIS**

A party challenging an assessment has the burden (a) to overcome the presumption of correctness afforded a challenged local property tax assessment, and then (b) to persuade this court with credible, objective evidence why the Subject is over-assessed, and what is, or should be, the

---

[1]  Plaintiff's husband, Mr. Aggarwal, who resides at the Subject, their marital home, testified.

Subject's value.  MSGW Real Estate Fund, L.L.C. v. Borough of Mountain Lakes, 18 N.J. Tax 364, 373 (Tax 1998).  The presumption "stands, until sufficient competent evidence to the contrary is adduced."  Township of Little Egg Harbor v. Bonsangue, 316 N.J. Super. 271, 285-86 (App. Div. 1998) (citation omitted); see also MSGW, 18 N.J. Tax at 376.  The court can only find value based "on the evidence before it and the data that [is] properly at its disposal."  F.M.C. Stores Co. v. Borough of Morris Plains, 100 N.J. 418, 430 (1985).

Generally, for residential properties, a comparable sales analysis is used to determine value.  Here, Plaintiff provided four sales of similar-style, single-family residences, all located in the Township, with sale dates in 2018, thus, proximate to the assessment date.

However, while this generally accepted appraisal methodology employed by Plaintiff assists in overcoming the presumptive correctness of the Subject's assessment, it does not follow that the assessment should therefore be reduced.  After examining the evidence presented here, the court is unpersuaded that a change in assessment is warranted.

First, two of the four sales were marked as non-useable (NU); thus, their use as credible comparables raises a doubt.[2]  Sale 1 was marked as NU 31, it being a post-foreclosure sale.  See N.J.A.C. 18:12-1.1(a)(31).  Sale 4 (Block 3501, Lot 5) was marked as NU 30, for sale of multiple lots as a package deal with an "arbitrary allocation of the sale price for each parcel." See N.J.A.C.

---

[2] In developing a credible sales-to-assessment ratio to be used in developing the table of equalized valuations for each taxing district, the Division of Taxation reviews "the sales prices and assessed values of all real property sold during the sampling period" and "discards those sales which fall into one or more of 27 categories of transactions [set forth in N.J.A.C. 18:12-1.1] deemed to yield unreliable results[.] . . . These are called nonusable sales." Borough of Englewood Cliffs v. Dir., Div. of Taxation, 18 N.J. Tax 662, 665 (App. Div. 2000) (citation and internal quotation marks omitted).  The sales-to-assessment ratio is used to determine the "state school aid distribution," the "assessment discrimination claims by property owners," and also is "adopted in county equalization tables . . . which are used to allocate the cost of county government among a county's municipalities." Id. at 666.

18:12-1.1(a)(30). The njactb.org web information did not indicate a lot size for this comparable but stated that it had an additional lot 6.

Note that an NU 31 sale can still be used "if after full investigation it clearly appears that the transaction was a sale between a willing buyer, not compelled to buy, and a willing seller, not compelled to sell, with all conditions requisite to a fair sale with the buyer and seller acting knowledgeably and for their own self-interests, and that the transaction meets all other requisites of a usable sale." N.J.A.C. 18:12-1.1(b). See also Greenblatt v. City of Englewood, 26 N.J. Tax 41, 54 (Tax 2010) ("Simply saying that a sale was determined by the assessor to be non-useable for purposes of the . . . sales ratio study does not render the sale non-useable for valuation purposes."). But Plaintiff must first satisfy this court of the sale's reliability. Here, this was not done. Mr. Aggarwal conceded that he did not verify the details of either sale (indeed of any sale), whether with the buyers, sellers, or the attorneys, or review of the sale deed, to determine whether the sale was between a willing buyer and willing seller, neither under any pressure to close the deal; details such as the number of days the property was on the market; sale or financing terms/conditions; and as to Sale 4, whether the sale price was allocated to two lots, or whether such allocation was not arbitrary. It is therefore difficult to agree with Plaintiff that, without more information, these sales are or can be credible evidence of the Subject's value.

Without verification of its bona fides, the court cannot simply accept a sale price as a credible indicator of the Subject's value. See Glen Wall Assocs. v. Township of Wall, 99 N.J. 265, 282 (1985) (courts must "appraise the circumstances surrounding a sale to determine if there were special factors which affected the sale price without affecting the true value"). See also Appraisal Institute, The Appraisal of Real Estate 410 (14th ed. 2013) (if "non-market conditions of sale are detected in a transaction, the sale can be used as a comparable sale but only with care";

thus, the "circumstances of the sale must be thoroughly researched . . . [, and any] adjustment should be well supported with data," otherwise the sale should be "discarded" as a comparable).

Note that the responsibility to verify the conditions or circumstances of a sale is not just upon plaintiffs but upon any party (including such party's expert, if any) proffering such sale as evidence. See VBV Realty, L.L.C. v. Township of Scotch Plains, 29 N.J. Tax 548, 564 (Tax 2017) ("[v]ital to the accuracy and integrity of the sales comparison approach is the premise that information and data must be properly sourced, verified and analyzed to ensure accuracy and to better understand the attitudes and motivations of the buyer and seller") (citation and quotation marks omitted) (rejecting comparable sales because the expert relied on sales information posted on a County Board's website, MLS listings, and from his discussions with the tax assessors).

There are other problems as well. The Township's cross-examination persuasively showed that all four sales were inherently non-comparable because of their location vis-à-vis the Subject's quiet, residential neighborhood, off a local street and in a cul-de-sac. Sale 1 was located on Route 71, a busy highway where, among others is the Township's firehouse. The comparable zone is R-10, which the Township stated requires a lesser minimum lot area, width and depth and thus allows for smaller houses and a more densely populated neighborhood as compared to the Subject's zone R-20. Sale 2 was also in zone R-10 and located at the entrance of an apartment complex. Although Sale 3 was in the same R-20 zone, and as conceded by Mr. Aggarwal, in a "good neighborhood" like the Subject, it was one block away from Monmouth Mall, one of the largest rateables in the Township, unlike the Subject. Thus, Sale 3 has an inferior location. Sale 4 borders another town, is isolated off Hope Road, is the only house in that area, has a private school which almost abuts the house, and is in close proximity to the ramp to Route 18. The court is therefore persuaded that the location of each of the comparables is inferior as compared to the Subject's location.

Further, Sale 1 has a significantly larger lot and GLA as compared to the Subject, which would require a downward adjustment to its sale price, but which was not attempted here. See U.S. Life Realty Corp. v. Township of Jackson, 9 N.J. Tax 66, 72 (Tax 1987) ("[D]ifferences between a comparable . . . and the subject property are anticipated. They are dealt with by adjustments recognizing and explaining these differences, and then relating the two properties to each other in a meaningful way so that an estimate of the value of one can be determined from the value of the other."). Adjustments must be objective, market-based, and data-driven (such as reliable costs to build, adjusted sale prices of vacant lots, value of GLA per-SF based on an abstraction method and the like). An absence of the same forecloses the court from deciding the appropriate adjustment amount. See, e.g, American Cyanamid Co. v. Township of Wayne, 17 N.J. Tax 542, 581 (Tax 1998), aff'd, 19 N.J. Tax 46 (App. Div. 2000) ("without . . . adjustments [to the comparables' sale prices], the sales provide no meaningful indication of the value of the subject property").

For all of the above reasons, the court finds that Plaintiff's comparables do not provide persuasive evidence of the Subject's value. The court is mindful that it must strive to find value. However, its "right to make an independent assessment is not boundless," but must be "based on the evidence before it and the data that are properly at its disposal." Township of Warren v. Suffness, 225 N.J. Super. 399, 414 (App. Div. 1988). Thus, the court cannot "arbitrarily assign a value to the property not supported in the record." Id. Here, there was no such credible evidence for the court to independently conclude the Subject's value.

**CONCLUSION**

For the above reasons, the court finds that Plaintiff has failed to produce sufficient evidence to overcome the presumptive validity of the judgment of the County Board. An Order affirming the County Board's judgment will accompany this opinion.

Very truly yours,

Mala Sundar, J.T.C.